| | |
|---|---|
| **WO** | RP |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Ronald L. Richie, | ) | No. CV 10-1238-PHX-MHM (DKD) |
| Petitioner, | ) | **ORDER** |
| vs. | ) | |
| State of Arizona, et al., | ) | |
| Respondents. | ) | |

On June 10, 2010, Petitioner Ronald L. Richie, who is confined in the Arizona State Prison Complex-Lewis (ASPC-Lewis), filed an untitled pleading (Doc. #1). In his pleading, Petitioner seeks a 60-day extension of time to file a "writ in behalf of the issues raised requiring such time to correspond matters by tape as he is legally blind." Petitioner has filed his pleading "by and through ADA Corr. Rep. Cynthia Nielson as aid to visually impa[i]red Appellant."

Petitioner's pleading is not accompanied by a petition for writ of habeas corpus. The Court is not able to construe the pleading as a petition for writ of habeas corpus because the pleading is not accompanied by the statutory filing fee or an application to proceed *in forma pauperis*, is not filed on the court-approved form for filing a petition for writ of habeas corpus, does not name a proper respondent, does not specify any grounds for habeas corpus relief, does not set forth any facts supporting any grounds, and does not specify the habeas

relief requested. See Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts. Also, Petitioner's pleading does not provide any information about Petitioner's conviction, such as the crime(s) for which he was convicted, the date of his conviction, or when his judgment of conviction was final. Nor does Petitioner's pleading provide any information regarding exhaustion of his state court remedies.

Essentially, Petitioner is seeking an advisory opinion from this Court regarding the application of the time limits imposed by 28 U.S.C. § 2244(d)(1), which provides in part that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." However, a federal court may not issue advisory opinions. See United States v. Cook, 795 F.2d 987, 994 (Fed. Cir. 1986) (district court erred in tolling statute of limitations as to future claims by persons not party to the case before the court). Accordingly, the Court lacks jurisdiction to entertain Petitioner's pleading, the pleading will therefore be denied without prejudice, and this matter will also be dismissed without prejudice.

Because this matter is being dismissed without prejudice, Petitioner is in no way prevented by this Order from filing a petition for writ of habeas corpus in this Court.

**IT IS ORDERED:**

(1) Petitioner's untitled pleading (Doc. #1) is **denied without prejudice**.

(2) This matter is **dismissed without prejudice for lack of jurisdiction** and the Clerk of Court **must enter** judgment accordingly.

DATED this 1st day of July, 2010.

_____
Mary H. Murguia
United States District Judge